```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION
```

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-11-2446 |
| FINANCIAL ROBOTICS, INC., AND MARK E. RICE, | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

### DEFENDANT, MARK E. RICE'S, MOTION TO DISMISS UNDER RULE 12(b)(5) FEDERAL RULES OF CIVIL PROCEDURE AND ORIGINAL ANSWER SUBJECT THERETO

TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

COMES NOW, the Defendant, Mark E. Rice ("RICE") and files this his Motion to Dismiss Certain Claims of the Plaintiff, Commodity Futures Trading Commission, and, subject to his Motion to Dismiss, his Original Answer and, would respectfully show unto the Court the following:

### MOTION TO DISMISS UNDER RULE 12(b)(5) F.R.Civ.P. LACK OF SUBJECT MATTER JURISDICTION OVER CERTAIN TRANSACTIONS

I.

1. The Plaintiff, Commodity Futures Trading Commission ("CFTC"), bases its claims for recovery of equitable relief and civil fines and penalties in this case on various transactions which are alleged, on the face of CFTC's pleadings, to have taken place prior to June 18, 2008.

2. Plaintiff CFTC claims that Congress "clarified" CFTC jurisdiction over pools investing in foreign commodity trading transactions on June 18, 2008 and "expanded" CFTC jurisdiction under the Food, Conservation, and Energy Act of 2008, Public Law

1

No. 110-246, Title XIII, (CFTC Reauthorization Act of 2008), Section 13.101-13.204, 122 STAT. 1651. See CFTC's Brief in Support of Its Ex Parte Motion for Statutory Restraining Order, P. 4, note 2.

3. Plaintiff CFTC complains of numerous transactions which Defendant Rice allegedly participated in, which it claims violated the Anti-Fraud provisions of the Commodity Exchange Act. CFTC admits, on the face of its pleadings, that many of these acts were allegedly carried out before CFTC had jurisdiction over such transactions.

4. This Court should dismiss all counts and pleadings of relief brought by Plaintiff CFTC which are based on transactions which occurred prior to June 18, 2008 which are described in CFTC's Complaint since this Court lacks subject matter jurisdiction over such transactions.

## SPECIFIC RESPONSE TO ALLEGATIONS IN COMPLAINT

### RESPONSE TO SUMMARY

II.

1. Defendant Rice specifically denies CFTC's allegation that he fraudulently solicited and accepted $10.4 million from Robert P. Copeland. Defendant Rice alleges and will prove that Robert P. Copeland ("COPELAND") solicited Defendant Rice to place Copeland's funds in a forex trading program which would provide greater returns than Copeland was experiencing in Copeland's investments in the Atlanta, Georgia area. Defendant Rice denies the remainder of the allegations contained in Paragraph 1.

2. Defendant Rice specifically denies CFTC's allegation

2

that Rice guaranteed the return of Copeland's principal that Copeland wanted used for forex trading, that Copeland's principal would be traded risk free, and that the forex trading which Copeland alludes to in his Affidavit was "insured against loss." Rice also denies the allegation that he ever represented to Copeland that the trading which would take place with the funds provided by Copeland would be insured against loss.  Defendant Rice denies the remaining allegations contained in Paragraph 2.

3.  Defendant Rice lacks the requisite knowledge to either admit or deny the alleged source from which Copeland allegedly obtained the funds he requested that Defendant Rice place in forex trading.  Defendant Rice admits that Copeland's alleged conviction is a matter of public record.

4.  Defendant Rice denies all of the allegations contained in Paragraph 4 with the exception that Defendant Rice admits that the funds in question were Copeland's funds.

5. With respect to the allegations contained in Paragraph 5, Defendant Rice admits that the majority of the funds provided by Copeland were lost in foreign forex trading which Copeland authorized.

6.  Defendant Rice specifically denies he is engaged, engaging in, or is about to engage in, practices in violation of the anti-fraud provisions of the Commodity Exchange Act which CFTC has described in that Paragraph.

7.  With respect to the allegations contained in Paragraph 7, Defendant Rice denies CFTC's claim that it is entitled to injunctive and civil monetary fines and penalties and ancillary

3

relief.

8. With respect to the allegations contained in Paragraph 8, Defendant Rice denies these allegations in their entirety.

### **RESPONSE TO JURISDICTION AND VENUE**

### III.

9. Defendant Rice specifically denies that this Court has subject matter jurisdiction over all the claims raised by Plaintiff CFTC. Defendant Rice incorporates and adopts by reference his jurisdictional argument under his Motion to Dismiss set out above in Paragraph I. Defendant Rice also denies that this Court has extraterritorial jurisdiction over the alleged forex transactions which Plaintiff CFTC describes in its Complaint.

10. With respect to the allegations contained in Paragraph 10, Defendant Rice admits that the law cited by CFTC empowers CFTC to seek various forms of relief for the purpose of enforcing the Commodity Exchange Act but denies that the CFTC is entitled to any relief under these statutes in this case brought against Defendant Rice.

11. Defendant Rice admits the venue allegations as set out in Paragraph 11 stating that as of the date of filing of suit he was a resident of the geographic territorial limits of the Southern District of Texas. Defendant Rice specifically denies that any violations of the CEA occurred, are occurring, or are about to occur, in this District which would establish venue under Section 6(c)(e) CEA as alleged by the CFTC.

**RESPONSE TO PARTIES**

IV.

12. With respect to the allegations contained in Paragraph 12, Defendant Rice admits that CFTC is a federal regulatory agency. Defendant Rice lacks the requisite knowledge to either admit or deny the location of the CFTC office.

13. With respect to the allegations contained in Paragraph 13 concerning Financial Robotics, Inc., Defendant Rice denies the allegations that Financial Robotics, Inc. is currently a Texas corporation. Defendant Rice admits that Defendant, Financial Robotics, Inc., was, at one time, an active Texas business corporation. Defendant Rice denies the CFTC's allegations that FINROB is currently engaged in the business of providing advice for profit on trading of forex or is soliciting and accepting funds to trade forex on behalf of others. Defendant Rice denies the remainder of CFTC's allegations concerning FINROB to the extent that such allegations assume that FINROB was required to register with the CFTC in order to facilitate foreign forex trading and transactions as requested by Copeland. Defendant Rice denies the allegation that CFTC witness Copeland is not an eligible contract participant as defined by the Act.

14. With respect to the allegations contained in Paragraph 14, Defendant Rice admits that he has never been registered with the Commission in any capacity. Defendant Rice denies that he is the owner or apparent owner of FINROB. Defendant Rice denies that he is engaged in the business of providing advice for profit for forex trading or that he is soliciting or accepting funds to

trade forex. Defendant Rice admits he is not a financial institution or a registered broker dealer, insurance company, financial holding company, or investment banking holding company. Defendant Rice also admits that he is not an associated person of such entities.

## RESPONSE TO FACTS

### IV.

15. With respect to the allegations contained in Paragraph 15, Defendant Rice admits that Copeland placed funds for trading forex. Defendant Rice admits that Copeland placed what he claimed to be his own funds with FINROB for the purposes of facilitating foreign forex trading.

16. Defendant Rice specifically denies the allegations contained in Paragraph 16 in their entirety.

17. Defendant Rice specifically denies that he solicited Copeland directly or through agents, employees, or officers, or through face-to-face meetings, facsimile correspondence, or telephone communications. Defendant Rice denies that he used instrumentality of interstate commerce to solicit Copeland.

18. With respect to the allegations contained in Paragraph 18, Defendant Rice denies such allegations in their entirety.

19. With respect to the allegations contained in Paragraph 19, Defendant Rice denies that he ever told Copeland that Copeland's principal used for forex trading would be traded risk free. Defendant Rice likewise denies the CFTC's allegations that Rice told Copeland that Copeland would not lose his principal and/or that Defendant Rice or any other person or entity main-

tained an insurance policy that would protect Copeland's principal from loss.

20. With respect to the allegations contained in Paragraph 20, Defendant Rice denies such allegations in their entirety.

21. With respect to the allegations contained in Paragraph 21, Defendant Rice lacks the requisite knowledge to either admit or deny the CFTC's allegation that Copeland was not using his own funds when he solicited Defendant Rice to assist Copeland in engaging in forex trading. Defendant Rice represents affirmatively that the funds which Copeland wanted to place in forex trading were represented to be Copeland's own funds. Defendant Rice lacks the requisite knowledge to either admit or deny the CFTC's allegations concerning the criminal charges brought against Copeland or the SEC enforcement action. Defendant Rice alleges on information and belief that these are matters of public record.

22. With respect to the allegations contained in Paragraph 22, Defendant Rice denies the allegations in their entirety.

23. With respect to the allegations contained in Paragraph 23, Defendant Rice denies all those allegations in their entirety.

24. With respect to the allegations contained in Paragraph 24, Defendant Rice admits that Copeland forwarded funds which he represented to be his own which were deposited in FINROB accounts. Defendant Rice denies the remainder of the allegations contained in Paragraph 24.

25. With respect to the allegations contained in Paragraph

25, Defendant Rice denies CFTC's allegations that Copeland was complying with Rice's directions in placing funds in forex trading between March, 2007 and August, 2008. Defendant Rice alleges and will prove that Copeland provided funds which Copeland claimed to be his own and requested that the funds be traded in forex accounts. Defendant Rice denies the remainder of the allegations contained in Paragraph 25.

26. With respect to the allegations contained in Paragraph 26, Defendant Rice denies that Copeland made any deposits of funds "acting through Rice" or that Rice deposited any of Copeland's funds. Defendant Rice alleges and will prove that Copeland provided the funds which he represented to be his own to be traded in foreign currency transactions through forex accounts.

27. With respect to the allegations contained in Paragraph 27, Defendant Rice denies these allegations in their entirety.

28. With respect to the allegations contained in Paragraph 28, Defendant Rice denies these allegations in their entirety.

29. With respect to the allegations contained in Paragraph 29, Defendant Rice denies all these allegations in their entirety. Defendant Rice specifically denies that he reported any false returns to Copeland or any projections for any continued profits. Defendant Rice denies that he minimized any risks associated with Copeland's investment or continued to minimize same.

30. With respect to the allegations contained in Paragraph 30, Defendant Rice denies these allegations in their entirety.

31. With respect to the allegations contained in Paragraph

31, Defendant Rice denies all these allegations in their entirety. Defendant Rice specifically alleges and will prove that he made none of the representations to Copeland claimed by the CFTC.

32. Defendant Rice specifically denies the allegations contained in Paragraph 32.

33. Defendant Rice specifically denies the allegations contained n Paragraph 33.

34. With respect to the allegations contained in Paragraph 34, Defendant Rice specifically denies all of such allegations. Defendant Rice alleges and will prove that neither Rice nor any other party or entity ever informed or told Copeland that any of the trades which were made in forex accounts, at Copeland's direction, were insured against loss.

35. With respect to the allegations contained in Paragraph 35, Defendant Rice denies all of these allegations.

36. With respect to the allegations contained in Paragraph 36, Defendant Rice specifically denies CFTC's claim that Copeland relied on any material misrepresentations and omissions concerning risks associated with trading forex provided by Defendant Rice or any other party. Defendant Rice denies the remainder of the allegations in Paragraph 36 in their entirety.

37. With respect to the allegations contained in Paragraph 37, Defendant Rice specifically denies all of such allegations.

38. With respect to the allegations contained in Paragraph 38, Defendant Rice denies that Defendant Rice, FINROB, or anyone who had dealings with Copeland, engaged in acts and practices that violated the Commodity Exchange Act or any portion thereof.

**RESPONSE TO ALLEGED VIOLATIONS OF THE COMMODITY EXCHANGE ACT**

V.

39. Defendant Rice realleges all of his responses, objections, and answers, set out in Paragraphs 1 through 38 as if fully set forth in this Paragraph.

40. With respect to the legal argument contained in Paragraph 40, Defendant Rice states that he believes that the quotations taken out of context of the Commodity Exchange Act alleged by the CFTC in this Paragraph is an accurate quote.

41. Defendant Rice denies all of the allegations contained in Paragraph 41.

42. With respect to the allegations contained in Paragraph 42, Defendant Rice specifically denies these allegations.

43. With respect to the allegations contained in Paragraph 43, Defendant Rice denies all of such allegations in their entirety.

44. With respect to the allegations contained in Paragraph 44, Defendant Rice denies all the allegations in their entirety.

**AFFIRMATIVE DEFENSES**

VII.

1. **LACK OF PROBABLE CAUSE FOR SEARCH AND SEIZURE:** Defendant Rice specifically alleges and will prove that the civil order signed by this Court, procured by Defendant CFTC to break into and ransack Defendant Rice's home in the guise of conducting a search for relevant evidence or documents was, as the result of the CFTC's actions, approved and carried out in the absence of probable cause. Defendant Rice alleges and will prove that the

Civil Order for Seizure procured by the CFTC was required to be issued on probable cause under the same standards as a search warrant and in compliance with the Fourth and Fifth Amendments to the United States Constitution.  Defendant Rice alleges and will prove that the statements of the informant Copeland which, allegedly, supported the issuance of such Civil Order, had no indicia of reliability and the Civil Order(s) allegedly authorizing the searches and seizures, as drafted and procured by the CFTC, failed on their face, and when read in conjunction with the affidavit of Copeland, or CFTC's agent Bougas, to establish probable cause.  The reliability of the informant is nowhere addressed or even alleged in any of the CFTC moving papers including the affidavits of Copeland and Bougas.  There was no evidence presented in the procurement of the order which established a link between the premises, Defendant Rice's residence, and any of the illegal activity alleged in the CFTC's complaint. The remedy for the issuance of the civil Search and Seizure Order in question is full and complete suppression of all items removed from Defendant Rice's residence and premises and return of all such seized property having no nexus with the illegal conduct alleged.

## **PRAYER**

WHEREFORE, ABOVE PREMISES CONSIDERED, Defendant Rice prays this Honorable Court entertain this Motion and Answer and, after due consideration of same, that this Court enter an order or judgment, after hearing and/or final trial on the merits:  (1) denying all relief prayed for by the Plaintiff CFTC in its Origi-

nal Complaint including the assessment of civil monetary fines and penalties; (2) denying the Temporary and Permanent Injunctive Relief requested by the Plaintiff CFTC in its entirety; (3) dissolving or modifying the Receivership as Justice and equity require; (4) directing suppression and return of all items, evidence and property illegally seized; (5) dismissing all claims over which this Court has no subject matter jurisdiction; (6) awarding Defendant Rice his costs of Court; and (7) awarding Defendant Rice such other and further relief, both in law and in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

s/ Joe Alfred Izen, Jr.
―――――――――――――――――――――
Joe Alfred Izen, Jr.
5222 Spruce Street
Bellaire, Texas 77401
(713) 668-8815
(713) 668-9402 FAX

s/Harris S. Wood, Jr.
―――――――――――――――――――――
Harris S. Wood, Jr.
2190 North Loop West, Suite 308
Houston, TX 77018
281-924-5876 M
281-579-1586 Fax
hwoodatty@yahoo.com

ATTORNEYS FOR DEFENDANT
MARK E. RICE

## CERTIFICATE OF OPPOSITION

The Motion to Dismiss is opposed.

s/Joe Alfred Izen, Jr.
―――――――――――――――――――――
Joe Alfred Izen, Jr.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was sent to the following parties by electronic transmission and/or U.S. Mail, postage prepaid, on this the 22nd day of July, 2011:

Charlene C. Koonce
500 N. Akard St., Suite 2700
Dallas, TX 75201
Attorney for Receiver
Kelly M. Crawford
214-706-4242 FAX

Kevin S. Webb
Senior Trial Attorney
Division of Enforcement
Commodity Futures Trading Comm.
1155 21st St. NW
Washington, D.C. 20581

s/ Joe Alfred Izen, Jr.
_____
Joe Alfred Izen, Jr.

RICEM2D&.OA/TK440