IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FINANCIAL ROBOTICS, INC., a Texas corporation, and MARK E. RICE,<br><br>Defendants. | Case No. 4:11-cv-02446 |

## [~~PROPOSED~~] ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS

This cause comes before this Court upon Plaintiff U.S. Commodity Futures Trading Commission's ("Commission") Complaint and its *Ex Parte* Motion for Statutory Restraining Order, Expedited Discovery, Accounting, Order to Show Cause re Preliminary Injunction and Other Equitable Relief ("Motion").

On June 30, 2011, the Court ordered Defendants Financial Robotics, Inc. and Mark E. Rice ("Defendants") to appear before the Court on July 28, 2011 to show cause, if there be any, why an Order for Preliminary Injunction should not be granted to prohibit further violations of the Commodity Exchange Act ("CEA") and why the other relief requested in Plaintiff's Motion should not be granted pending trial on the merits of this action. The Court also ordered that any opposition to Plaintiff's Motion be filed on or before July 22, 2011.

Defendants did not file an opposition to Plaintiff's Motion by July 22, 2011.

On July 28, 2011, the Court heard argument from counsel for Defendants and the

Commission as to the entry of an Order of Preliminary Injunction.

As it appears to the Court that there is good cause to believe that Defendants have engaged, are engaging in, or are about to engage in violations of the CEA, 7 U.S.C. §§ 1 *et seq.* (2006), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), and that this is a proper case for granting a preliminary injunction to preserve the status quo, protect public customers from further loss and damage, and enable the Commission to fulfill its statutory duties, the Court finds as follows:

## I.

### *Jurisdiction and Venue*

**THE COURT FINDS** that:

1. The Court has jurisdiction over the transactions at issue in this case pursuant to Section 6c of the CEA, 7 U.S.C. § 13a-1 (2006), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the CEA or any rule, regulation, or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the CEA, 7 U.S.C. § 13a-1(e) (2006), in that Defendants are found, inhabit, or transact business in this district, and the acts and practices in violation of the CEA have occurred, are occurring, or are about to occur within this district.

## II.

### *Prohibition from Violations of the CEA*

**IT IS HEREBY ORDERED** that:

1. Defendants, all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Defendants, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, shall be prohibited and restrained from directly or indirectly engaging in conduct in violation of the CEA as alleged in the Complaint.

2. Defendants, and any person or entity acting in the capacity of an officer, agent, servant, employee or attorney of Defendants, and any person who receives actual notice of this Order by personal service or otherwise who is acting in concert or participation with Defendants, are also restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly engaging in any activity related to trading any commodity, as that term is defined in Section 1a(4) of the CEA, 7 U.S.C. § 1a(4) (2006) ("commodity interest"), including but not limited to the following:

    a. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(29) of the CEA, 7 U.S.C. § 1a(29)(2006));

    b. entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2010)) ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the CEA as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts") for their own personal account or for any account in which they have a direct or indirect interest;

    c. having any commodity futures, options on commodity futures, commodity options, and/or forex contracts traded on their behalf;

    d. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

    e. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

    f.    applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010); and

    g.    acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2010)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010).

### III.

### *Force and Effect*

**IT IS HEREBY ORDERED** that:

1.    This Order shall remain in full force and effect until further order of this Court and that this Court retains jurisdiction of this matter for all purposes. The Order Granting Plaintiff's *Ex Parte* Motion for Statutory Restraining Order, Expedited Discovery, Accounting, Order to Show Cause re Preliminary Injunction and Other Equitable Relief previously ordered by the Court shall remain in full force and effect until further order of this Court.

**SO ORDERED**, at Houston, Texas, on this 8th day of August, at 9:00 am/~~pm~~.

_____
**UNITED STATES DISTRICT COURT JUDGE**

4