**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, § § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. H-11-2446 |
| § | |
| FINANCIAL ROBOTICS, INC. and MARK E. RICE, § § § | |
| Defendants. § | |

**ORDER**

The court conducted a hearing on July 28, 2011 on the CFTC and Receiver's Joint Motion for Show Cause Hearing to hold Mark E. Rice in civil contempt for intentionally violating numerous provisions of the court's *Ex Parte Statutory Restraining Order* (the "SRO"). On June 30, 2011, the court had found good cause to believe that defendants Financial Robotics, Inc. ("FinRob") and Mark E. Rice ("Rice") (together, the "Defendants") had and were engaging in acts and practices constituting violations of the CEA; that immediate and irreparable damage to the court's ability to grant effective final relief for customers would occur unless the Defendants were immediately restrained and enjoined by the court; and that good cause existed for freezing all assets owned, controlled, managed or held by, on behalf of or for the benefit of the Defendants and for entry of an order prohibiting the Defendants, their agents, servants, employees, assigns, attorneys and persons in active concert or participation with the Defendants, including any successor thereof, from destroying records and/or denying Commission representatives access to inspect and copy records to ensure that Commission representatives have immediate and complete access to those books

records. The court also found good cause to order repatriation of assets controlled by the Defendants; good cause necessitating the appointment of a Receiver to take control of all assets owned, controlled, managed or held by, on behalf of or for the benefit of the Defendants ("Defendants' Assets"); to require the Defendants to provide an accounting to determine the location and disposition of customer funds; and to permit the Commission to conduct expedited discovery in order to determine the full extent of the Defendants' alleged wrongdoing, locate the Defendants and other customers, identify customers' funds and other of the Defendants' Assets, and clarify the source of various funds. *See SRO ¶¶ 3-9.*

The court entered the SRO, which also appointed Kelly M. Crawford as the Receiver for the Defendants' assets and the assets of any affiliates or subsidiaries of any Defendant. *SRO ¶ 29.* The SRO compelled the Defendants immediately to deliver to the Receiver possession and custody of all funds, property and other assets, owned beneficially or otherwise, wherever situated, of the Defendants. *SRO ¶ 32.* In addition, the SRO compelled the Defendants, within five business days following the service of the SRO, to provide the Commission and the Receiver with a full accounting of all the Defendants' Assets, inside and outside of the United States, from January 1, 2006 to the date of this Order, *SRO ¶ 16*, and to transfer to the territory of the United States, to the possession, custody, and control of the Receiver, all of the Defendants' Assets (other than real property) located outside the United States. *SRO ¶ 17.* Further, the SRO compelled Rice to provide the Commission and the Receiver, within five business days of receipt of the SRO:

> a statement setting forth: (a) the identification number of each and every account or other asset owned, controlled, managed or held by, on behalf of, or for the benefit of Defendants, either individually or jointly; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has

>been closed or removed, the date closed or removed, the total funds removed in order to close the account and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is owned, controlled, managed or held by, on behalf of, or for the benefit of Defendants, either individually or jointly, or is otherwise subject to access by Defendants.

*SRO ¶ 21.*

Additionally, the SRO compelled Rice to provide the Commission and the Receiver access to all records of the Defendants held by financial institutions located within or outside the territorial United States by signing the Consent to Release of Financial Records attached to the SRO. *SRO ¶ 18.* Moreover, immediately upon service of the SRO on the Defendants and any other person or entity served with the SRO, they were compelled to immediately deliver to the Receiver:

>a. possession and custody of all funds, property and other assets, owned beneficially or otherwise, wherever situated, of the Defendants;
>
>b. possession and custody of documents of the Defendants, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers and check registers), client lists, title documents and other papers;
>
>c. possession and custody of all precious metals, other commodities, funds and other assets being held by or on behalf of the Defendants or on behalf of the Defendants' customers, clients, pool participants or investors;
>
>d. all keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or documents of the Defendants, including but not limited to, access to the Defendants' residential and business premises, means of communication, accounts, computer systems or other property; and
>
>e. information identifying the accounts, employees, properties or other assets or obligations of the Defendants.

*SRO ¶ 31.*

Rice was personally served with the SRO on June 30, 2011, July 8, 2011 and July 22, 2011. On July 20, 2011, during Rice's deposition, the Receiver demanded that Rice comply with all provisions of the SRO. Rice refused to comply with the SRO. Instead, he asserted his Fifth Amendment right against self-incrimination.

On July 28, 2011, the court conducted a hearing on an Order to Show Cause why a Preliminary Injunction should not issue. Rice appeared with his counsel. At the hearing, the court also considered whether Rice was in contempt of court for failing to comply with the SRO, as alleged by the Commission and the Receiver in their joint request for a Show Cause Hearing.

Based on the motions, responses, the record and the applicable law, the court enters the following findings and conclusions:

1. The court finds that it has jurisdiction over this action under Section 6c of the Commodity Exchange Act ("CEA"), 7 U.S.C. § 13a-1. The CEA authorizes a court to exercise its powers to effectuate the purposes of the CEA, including but not limited to the issuance of writs and orders. Id. at § 13a-1(a).

2. The court also finds that the SRO is a valid court order and that Rice had knowledge of it. The Plaintiffs and the Receiver have demonstrated with clear and convincing evidence that Rice has violated and continues to violate the SRO. Such violations include, but are not limited to, his failures to comply with the following requirements:

   a. to deliver to the Receiver possession and custody of all funds, property and other assets, owned beneficially or otherwise, wherever situated, of the Defendants;

   b. to provide an accounting tracing the use and disposition of all of Defendants' assets since January 1, 2006 to the present;

   c. to transfer to the territory of the United States, to the possession, custody, and

        control of the Receiver, all of the Defendants' Assets (other than real property) located outside the United States;

   d.    to provide the Commission and Receiver access to all records of Defendants held by financial institutions located within or outside the territorial United States by signing the Consent to Release of Financial Records attached to the SRO;

   e.    to identify all of the Defendants' current assets, including every account number for every account over which the Defendants have any access or ownership, provide the balance of all such accounts or a description of every such asset owned by the Defendants, as of the date the SRO was served on the Defendants, and information related to the disposition of the funds if such accounts are closed or the asset removed, identify safe deposit boxes used or controlled by the Defendants, and provide the Commission and the Receiver access to all records of the Defendants held by financial institutions located within or outside the territorial United States by signing the Consent to Release of Financial Records attached to the SRO;  and

   f.    to deliver to the Receiver all of the Defendants' documents, computer access codes, keys, entry codes, etc. as described in Paragraph 31 of the SRO.

3.    The court finds and concludes that Rice's assertion of his Fifth Amendment right is without basis and does not satisfy his burden of demonstrating compliance with the SRO or demonstrate a present inability to comply with the SRO.    .

The following ORDER is entered:

   a.    No later than **August 22, 2011**, at 5:00 p.m., Rice must deliver to the Receiver a list identifying all documents taken from Rice's home office, which Rice requests copies of the Receiver because Rice contends they are necessary for him to provide the information he is required to provide to the Receiver and the Commission under the SRO;

   b.    The Receiver must deliver copies of all such requested documents to Rice on or before 5:00 p.m. on **September 2, 2011**;

   c.    On or before 5:00 p.m. on **September 16, 2011**, Rice must fully comply with the requirements set out in paragraphs 16, 17, 18, and 21 of the SRO, which are also set on pages 4-5 of this Order.

Rice must fully comply with this order and with the provisions of the SRO on or before 5:00 p.m. on **September 16, 2011**.

A hearing is set for **September 19, 2011** at 8:30 a.m. in Courtroom 11B. At that hearing, Rice will be required to show cause why he should not be held in contempt if he fails to comply with any requirement of this Order.

SIGNED on August 15, 2011, at Houston, Texas.

                                                                                Lee H. Rosenthal
                                                                       United States District Judge