**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|                                        |     |                              |
| -------------------------------------- | --- | ---------------------------- |
| U.S. COMMODITY FUTURES TRADING         | §   |                              |
| COMMISSION,                            | §   |                              |
|                                        | §   |                              |
| Plaintiff,                             | §   |                              |
|                                        | §   |                              |
| VS.                                    | §   | CIVIL ACTION NO. H-11-2446   |
|                                        | §   |                              |
| FINANCIAL ROBOTICS, INC. and           | §   |                              |
| MARK E. RICE,                          | §   |                              |
|                                        | §   |                              |
| Defendants.                            | §   |                              |

**ORDER GRANTING PETITION NO. 1**
**GOVERNING THE ADMINISTRATION OF THE RECEIVERSHIP, AND**
**PROCEDURES GOVERNING THE SALE OF PERSONAL PROPERTY**

The Receiver filed Petition No. 1, seeking an order governing the administration of the
receivership and putting in place procedures to govern the sale of personal property (Docket Entry
No. 73). Defendant Mark Rice filed no response. The CFTC agreed with the petition. Based on the
record and the applicable law, this court grants the petition and orders as follows:

**1.      PROCEDURES GOVERNING THE RECEIVERSHIP GENERALLY.**

    **A.      <u>Further Proceedings in the Receivership</u>.**   All pleadings filed solely by the
Receiver seeking relief from this court in connection with this Receivership will be entitled
"Petition." Any person other than the Defendant against whom relief is sought in such petition will
be identified as a "Respondent." All petitions filed in this receivership must be accompanied by a
proposed form of order. Each petition will be consecutively numbered and the petition and all
subsequent pleadings filed and orders entered in connection with that petition are to contain a

reference to the petition number in the title of the pleading or order below the caption and cause number for this action, as set forth above.

      **B.**    **Notice and Service Procedures.**   Notice of all petitions filed by the Receiver will be governed by the following provisions unless otherwise ordered by the court.

      If no objections are filed within seven (7) days of the service of the petition, the Receiver is to file with the court a Notice of No Objections, in which case the court may enter the proposed order on its own or set the matter for hearing. If an objection is filed and served within seven (7) days of service of the petition, or if the Receiver anticipates that such an objection will be filed or believes that a hearing is appropriate, the Receiver will obtain a hearing date from the court and issue and serve a Notice of Hearing setting the matter for hearing before  the court. The Notice of Hearing must be served on all persons on who have appeared in the case at least seven (7) days before the hearing.

      **C.**    **Petitions for Payment of Fees.**   Once the Receiver has recovered sufficient assets to pay what he deems a significant portion of the accrued fees and expenses, the Receiver will file quarterly applications for approval of disbursements to pay professional fees and monthly expenses, requesting approval of disbursements previously made for professional fees and expenses to himself or others, and authorization to pay all fees and costs incurred by the Receiver, his attorneys or accountants. At least seven (7) days before filing any Pay Petition, the Receiver will submit to the Commission itemized statements and supporting documentation of services rendered to, and costs incurred or expended on behalf of the Receivership. The Pay Petition need not include the itemized statements of services rendered to, or costs incurred or expended on behalf of, the Receivership. Each Pay Petition must include a statement that anyone desiring additional information concerning

2

the services and costs to be paid under the Pay Petition may obtain redacted information from the Receiver by delivering to the Receiver or the Receiver's counsel, Scheef & Stone, L.L.P., within five (5) days of the filing of the petition, a written request specifying the additional information requested. The Receiver will make available for in camera review by the court, the unredacted statements and supporting documentation for the services and costs to be paid under the pay petition, if directed to do so. The Commission will have the right to object to any fee application filed by the Receiver.

**II      PROCEDURES GOVERNING SALE OF PERSONAL PROPERTY**

A.      **Private Sale.**    The Receiver is authorized to sell Personal Property constituting Receivership Assets ("Personal Property"), in any manner outlined below, and is further authorized to determine which method to use in selling any particular item of Personal Property. None of the parties to this lawsuit or the Receiver, their agents, assigns, or employees may purchase any of the Personal Property.

1.      The Receiver may sell Personal Property at a private sale conducted by the Receiver or his staff or agents at which the property will be offered for sale at a specific asking price, as determined by the Receiver. The Receiver will set the sales price by determining value from any reputable source, such as a trade journal, appraisal, or comparable sales on public auction sites such as E-Bay. The Receiver may also set a reserve price that may, in the Receiver's sole discretion, be made public by the Receiver. The Personal Property need not be sold for the asking price, but may be sold at any price at or above the reserve price.

2.      The Receiver will conduct the private sale in a location and provide such advertising as in the opinion of the Receiver is appropriate, given the nature and condition of the

property to be sold. Sales on E-Bay or other similar public forums are specifically authorized, as deemed appropriate in the Receiver's discretion. Sales of certain intangible property. including but not limited to, seats on the Chicago Mercantile Exchange, will also be sold in accordance with any specific limits or rules imposed by any applicable governing body.

       3.      The Receiver will pay from the Receivership Assets all reasonable and customary costs incurred in connection with the sale, without necessity of further Court authorization.

    **B.**   **<u>Abandonment.</u>**  In the event the Receiver is unable to sell an item of Personal Property under these procedures, the Receiver is authorized to dispose of the item by either a direct negotiated sale, donation to charity, or destruction. If the interest held by the Receiver is that of a lessee, the Receiver may surrender the property to the lessor in exchange for the value, if any, of the interest held by the Receiver. The Receiver will include the description of any abandoned property in his Final Report.

    **C.**   **<u>Auction</u>**.  In place of, or in addition to, a public sale, the Receiver is hereby authorized to liquidate at a public auction the Personal Property in his possession, in accordance with the following procedures.

       1.      The Receiver is to sell the personal property to the highest bidder at a public auction conducted by an established auctioneer.

       2.      The Receiver must pay from the Receivership Assets all reasonable and customary costs incurred in connection with the auction.

**D.** **Execution of Certificates of Title.**   The Receiver is authorized to execute certificates of title and other documents as may be necessary to effectuate the transfer of title to Personal Property sold, abandoned, or surrendered under these procedures.

SIGNED on January 12, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

5