**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-11-2446 |
| FINANCIAL ROBOTICS, INC. and MARK E. RICE, | § § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

The plaintiff, the U.S. Commodity Futures Trading Commission (CFTC), moves for leave to file an amended complaint to add factual allegations and to assert a claim for fraud by misappropriation under the antifraud provisions of the Commodity Exchange Act, 7 U.S.C. § 6b(a)(2)(A) and (C).  (Docket Entry No. 169).  The CFTC's proposed amendments relate to the defendants' use of third-party entities to transfer, hide, and spend the assets of one of their investors, Robert P. Copeland.  Rice opposes the motion.  (Docket Entry No. 171).  Based on the pleadings; the motion, response, and reply; the record; and the applicable law, the CFTC's motion for leave to amend is granted.  The reasons are explained below.

**I.    Background**

On June 29, 2011, the CFTC sued Financial Robotics, Inc. (FinRob) and Mark E. Rice, alleging that since June 18, 2008, they committed fraud in connection with transactions in leveraged off-exchange foreign currency (Forex).  The CFTC asserted that the defendants made material misrepresentations to Copeland about the risks of loss, guarantees of return of principal, likelihood

of profitable trading and increase in value, and the general risks involved in trading Forex, in violation of 7 U.S.C. §§ 6b(a)(2)(A) & (C) and 2(a)(1)(B).  The CFTC sought a statutory restraining order (SRO) under 7 U.S.C. § 13a-1 freezing the defendants' assets, prohibiting document destruction, appointing a receiver, and requiring expedited discovery.  (Docket Entry No. 1).

On June 30, 2011, this court granted the CFTC's SRO motion and ordered Rice to produce documents and an accounting of the assets held by him and "any d/b/a, successor, affiliate, subsidiary or other entity owned, controlled, managed or held by, on behalf of or for the benefit of Rice."  (Docket Entry No. 6).  On August 8, 2011, the court entered a preliminary injunction. (Docket Entry No. 34).

On August 15, 2011, Rice was found to have failed to produce an accounting or relevant documents and was ordered to show cause why he should not be held in contempt.  The show cause order provided deadlines for Rice's compliance with the SRO.  (Docket Entry No. 40).  On August 31, 2011, a supplemental SRO was entered finding cause to believe that Rice had used several entities to protect, hide, and, dissipate funds that the receiver had been ordered to recover.  These entities were added as relief defendants.  They include Aztec Oil, Inc., Bison Holdings, Inc., Commodity Futures and Options Services, Inc. ("CFOS"), Corporate Services, Inc., Deposit Capital, Inc., Global One Real Estate, Inc., Hondo, Inc., Lanxide Corporation, Nemaha, Inc., Sparen FX, S.A., Sparen Holdings, Inc., Sparen, Inc., and Texana, Inc.  (Docket Entry No. 43).

On October 6, 2011, the court held Rice in civil contempt for willfully failing to comply with the SRO and supplemental SRO.  (Docket Entry No. 57).  On October 13, 2011, Rice was granted a furlough conditional on his compliance with the SROs.  (Docket Entry No. 62).  On March 19, 2012, the Receiver filed a notice stating that Rice had not complied with the SROs because he failed

to produce a sufficiently detailed accounting of the defendants' assets and records for many of the relief defendants.  (Docket Entry No. 103).

On March 25, 2013, the Receiver filed a status report stating that the defendants had transferred over $2.4 million of Copeland's funds to Rice-controlled entities and that Rice has failed to comply with court orders requiring him to produce relevant documents from those entities. (Docket Entry No. 167).  The CFTC contends that Rice has still not produced many of the requested bank and trading records.  (Docket Entry No. 169, Exs. A, B, & C).

On April 1, 2013, within the deadline set in the amended scheduling and docket control order, the CFTC moved for leave to amend its complaint.  The proposed amended complaint alleges that the defendants misappropriated Copeland's funds by transferring them to Rice-controlled entities and using the money to pay for business and personal expenses, without Copeland's knowledge or authorization.  (Docket Entry No. 169).  The CFTC submitted declarations by Michelle Bougas, a CFTC trading investigator, (*id.*, Ex. D), and Copeland, (*id.*, Ex. E).

## II.    The Standard for Granting Leave to Amend

Under Federal Rule of Civil Procedure 15(a), a district court "should freely give leave [to amend] when justice so requires."  FED. R. CIV. P. 15(a)(2).  "[T]he language of this rule evinces a bias in favor of granting leave to amend."  *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotation marks omitted).  Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]"  *Id.* (internal quotation marks omitted).  Under Rule 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed

amendment." *United States ex rel. Steury v. Cardinal Health, Inc*., 625 F.3d 262, 270 (5th Cir. 2010).

## III.   Analysis

In ruling on a motion to amend a pleading, a court may consider "(1) an 'unexplained delay' following an original complaint, and (2) whether the facts underlying the amended complaint were known to the party when the original complaint was filed." *Matter of Southmark Corp*., 88 F.3d 311, 316 (5th Cir. 1996). "A litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Rosenzweig v. Azurix Corp*., 332 F.3d 854, 864 (5th Cir. 2003) (quotation marks omitted). The factual allegations and claims the CFTC seeks leave to add are based on facts learned after it filed the original complaint. Rice argues that the CFTC could have moved to amend sooner. But the delay Rice faults is in part due to his own failure to comply with discovery requests or with court orders requiring him to produce documents and information relevant to the management, location, and disposition of Copeland's funds. Although the CFTC did not have to wait for all the facts relevant to its added claims to file the proposed amended pleading, CFTC's claims under the CEA's antifraud provisions are subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements. The CFTC did file its motion for leave to amend by the deadline set out in the scheduling order. Rice has not shown that the CFTC's delay in seeking leave to amend its complaint was excessive.

The Receiver and CFTC have been diligent in seeking additional information about Copeland's funds in a complex case. Rice has frequently responded to requests for discovery

slowly, partially, or not at all.  (Docket Entry No. 169, Exs. A, B, C).  There is no evidence of bad faith or dilatory motive.

While prior efforts to cure pleading deficiencies weigh against allowing leave to amend, tis is the CFTC's first motion for leave to amend its complaint, and the amendments it has proposed are to assert additional claims, not to cure pleading deficiencies.  This factor does not apply.

Rice contends that the proposed amendments are unduly prejudicial because his counsel has already taken Michelle Bougas's deposition and granting the CFTC's motion would require him to redepose Bougas in Washington, D.C. at considerable expense, and because he has already file a summary-judgment motion.  (Docket Entry No. 171 at 5).  Courts may deny leave to amend when it would seriously prejudice the opposing party.  A defendant is unduly prejudiced if an added claim would require the defendant "to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court."  *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).  "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).  The party opposing amendment has the burden of proving prejudice.  *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2000). Rice has not shown that the proposed amendment will unfairly prejudice him.  Some of the issues raised by the proposed amendments overlap with those already present in this litigation.  The additional claims that the CFTC seeks to allege are based on the same statutory provisions as its original claims.  The location and treatment of Copeland's funds are likely to be a central and disputed issue in this litigation regardless of whether the CFTC's motion is granted.  Some

additional discovery may be required, but not to an extent that unfairly prejudices Rice.

Rice argues that the CFTC's proposed amendments are futile because they are barred by limitations.  A proposed amendment is futile if "the amended complaint would fail to state a claim upon which relief can be granted."  *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 873 (5th Cir. 2000).  "[T]he same standard of legal sufficiency as applies under Rule 12(b)(6)" applies to determining futility.  *Id.* (internal quotation marks omitted).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  The "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  In addition to factual insufficiency, a complaint may be legally insufficient to state a claim for relief.

The parties acknowledge that the Commodity Exchange Act does not contain a statute of limitations that applies to the antifraud provisions.  Rice argues that in the absence of an applicable federal limitations period, courts typically borrow from the most closely analogous state law.  He cites the Supreme Court's decision in *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983):

> As is often the case in federal civil law, there is no federal statute of
> limitations expressly applicable to this suit.  In such situations we do

> not ordinarily assume that Congress intended that there be no time
> limit on actions at all; rather, our task is to "borrow" the most suitable
> statute or other rule of timeliness from some other source.  We have
> generally concluded that Congress intended that the courts apply the
> most closely analogous statute of limitations under state law.

*Id.* at 159.  Rice contends that Texas's blue-sky law, which has a three-year limitations period, TEX. CIV. STAT. art. 581-33(H)(2)(a), and civil fraud statute, which has a four-year limitations period, TEX. CIV. PRAC. & REM. CODE § 16.004(a), are the most similar state laws to the CEA's antifraud provision.  Rice argues that because the newly added claims arise from financial transfers and misrepresentations made more than four years ago, those claims are barred under either limitations period.

The CFTC argues that its amended claims are timely because 28 U.S.C. § 2462, the five-year federal catch-all statute of limitations, applies.  Section 2462 provides:

> Except as otherwise provided by Act of Congress, an action, suit or
> proceeding for the enforcement of any civil fine, penalty, or
> forfeiture, pecuniary or otherwise, shall not be entertained unless
> commenced within five years from the date when the claim first
> accrued if, within the same period, the offender or the property is
> found within the United States in order that proper service may be
> made thereon.

28 U.S.C. § 2462.

The CFTC seeks to bring a civil enforcement action, not to assert a private right of action.  Although the parties have not cited a case addressing whether § 2462 applies to suits by the CFTC under the CEA, courts, including the Supreme Court, have applied § 2462's five-year limitations period to similar civil enforcement actions, such as fraud suits brought by the S.E.C. under the Securities Exchange Act.  *See, e.g.*, *Gabelli v. S.E.C.*, 133 S. Ct. 1216, 1219 (2013) (noting that "[a]s

7

part of [15 U.S.C. § 80b–9] enforcement actions, the S.E.C. may seek civil penalties . . . in which case [28 U.S.C. § 2462's] five-year statute of limitations applies." (internal citations omitted)).[1]

Rice responds that, even if the CFTC is correct that § 2462 applies to its amended fraud claims under the CEA, § 2462 is limited to "the enforcement of a civil fine, penalty, or forfeiture." Rice contends that this would not include the disgorgement relief that the CFTC seeks. Several courts have held that disgorgement does not fall within § 2462. *See Zacharias v. S.E.C.*, 569 F.3d 458 (D.C. Cir. 2009) (holding that disgorgement is not a "penalty" under § 2462); *S.E.C.. v. Lorin*, 869 F. Supp. 1117, 1120–21 (S.D.N.Y. 1994).

This court need not resolve this issue, however, because even if the CFTC's request for disgorgement relief does not fall within § 2462's scope, it would not be barred by limitations. "It is well settled that the United States is not bound by state statutes of limitation or subject to the

---

[1] Even if the CFTC's fraud claims were brought under a private right of action, there would be no need to apply a state statute of limitations. In 1983, Congress amended the CEA to include an explicit private cause of action with a two-year limitations period under 7 U.S.C. § 25(c). *See* Pub. L. 97-444, Title II, § 235, 96 Stat. 2322. The 1983 amendments also provided that the two-year limitations period would only apply "with respect to causes of action accruing on or after" January 11, 1983. Rice cites *Smith v. Groover*, 468 F. Supp. 105 (N.D. Ill. 1979), and *Grosser v. Commodity Exchange, Inc.*, 639 F. Supp. 1293 (S.D.N.Y 1986), as supporting his position that a state statute of limitations should apply to the CFTC's amended claims. But *Groover* was decided before the 1983 amendments were enacted, and *Grosser* applied a state statute of limitations because the claims at issue accrued before January 11, 1983. *See also Fustok v. Conticommodity Servs., Inc.*, 618 F. Supp. 1076, 1079 (S.D.N.Y. 1985) (applying a state-law limitations period to a private right of action under the CEA, because the claims accrued before the 1983 amendment to the CEA, in which Congress created an express private right of action with a two-year limitations period). More recent decisions have applied § 25(c)'s two-year limitations period to private claims asserted under 7 U.S.C. § 6b and accruing after 1983. *See, e.g., Dyer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 928 F.2d 238, 240 (7th Cir. 1991); *Kolbeck v. LIT America*, 923 F. Supp. 557, 564 (S.D.N.Y.1996), *aff'd* 152 F.3d 918, 1998 WL 406036 (2d Cir. 1998) (holding that private actions under 7 U.S.C. § 6b are subject to § 25(c)'s two-year limitations period). But § 25(c)'s two-year limitations period does "not apply to enforcement actions brought by the CFTC under 7 U.S.C. § 13a–1." *CFTC v. Wilshire Inv. Mgmt. Corp.*, 531 F.3d 1339, 1344 (11th Cir. 2008).

defense of laches in enforcing its rights." *United States v. Summerlin*, 310 U.S. 414, 416–17 (1940))

(citations omitted); *see also Capozzi v. United States*, 980 F.2d 872, 875 (2d Cir. 1992) ("[N]o

statute of limitations will block federal government actions unless Congress clearly and specifically

says so." (citations omitted)).

     In *S.E.C. v. Lorin*, 869 F. Supp. 1117, the court considered whether § 2462 applies to a

public enforcement action seeking disgorgement relief and, if not, whether it must "borrow" a

limitations period from other federal or state statutes.  Although disgorgement was not a "civil fine,

penalty, or forfeiture" within § 2462, the court held that it was "incorrect in this situation to observe

the regular practice of 'borrowing' a limitation period."  *Id.* at 1127.  Instead, the common-law

doctrine of *nullum tempus occurrit regi* (or "time does not run against the king"), applies when the

government pursues a public right or interest.  The court found that in seeking disgorgement, the

S.E.C. was pursuing a public right or interest because "its statutory authorization to bring civil

enforcement actions does not require it to turn disgorged proceeds over to the private investors who

have been damaged by the violator's activity."  *Id.*; *see also S.E.C. v. Commonwealth Chem. S.E.C.,*

*Inc.*, 574 F.2d 90, 102 (2d Cir. 1978) ("[T]he primary purpose of disgorgement is not to compensate

investors. Unlike damages, it is a method of forcing a defendant to give up the amount by which he

was unjustly enriched.").  Decisions by other courts have similarly implied that when the relief

sought in public enforcement actions is not covered by § 2462, no state or federal limitations period

applies.  *S.E.C. v. Bartek*, 484 F. App'x 949, 956–57 (5th Cir. 2012) (relief sought in a public

enforcement action that does not fall under § 2462 is not subject to limitations); *Riordan v. S.E.C.*,

627 F.3d 1230, 1234 & n.1 (D.C. Cir. 2010) (recognizing that no limitations period applies to

disgorgement relief in public enforcement actions).  Rice has not shown that the CFTC's proposed amended claims would be barred by limitations.

Rice also argues that the CFTC "judicially admitted" that the court lacks jurisdiction over claims and activities that occurred before June 18, 2008 and would not prosecute claims based on transactions that occurred before that date.  Rice points to this court's ruling at a November 29, 2011 hearing that its motion to dismiss based on the CFTC's lack of jurisdiction was moot because the claims were limited to activities that occurred after June 2008.  (Docket Entry No. 171, Ex. E at 33–34).  The CFTC's contention that its original claims were based on activities occurring after June 18, 2008 is not a judicial admission of a lack of jurisdiction over claims based on activities occurring before that date.  The CFTC's statements do not bar it from amending its complaint to assert additional claims occurring before June 18, 2008.

Rice has not shown that the CFTC's proposed amendments would be futile.  All the Rule 15 factors weigh in favor of granting the CFTC's motion for leave to amend its complaint.

**IV     Conclusion**

The CFTC's motion for leave to amend, (Docket Entry No. 169), is granted.

SIGNED on June 27, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

10