IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:11-cv-2446 |
| Plaintiff, | | |
| v. | | |
| FINANCIAL ROBOTICS, INC. AND MARK E. RICE | | |
| Defendants. | | |

**PETITION NO. 5:
UNOPPOSED PETITION FOR APPROVAL OF
SETTLEMENT AGREEMENT WITH DEFENDANT MARK E. RICE AND
AUTHORIZATION TO RELEASE FUNDS AND PAY RECEIVERSHIP FEES AND
EXPENSES**

Kelly M. Crawford, as the court appointed Receiver, respectfully petitions the Court as follows:

**FACTS**

1. On June 30, 2011, the Court entered the *Statutory Restraining Order*, which also appointed Kelly M. Crawford as the Receiver for the "Defendants' assets and the assets of any affiliates or subsidiaries of any Defendant…" *SRO ¶* 29.

2. After much negotiation, the Receiver and Defendant Mark E. Rice entered into a Release and Settlement Agreement that is attached hereto as **Exhibit A.**[1] The Release and Settlement Agreement resolves all outstanding issues regarding the receivership so that upon the Release and Settlement Agreement being approved and fulfilled, the receivership may be closed.

---

[1] An Amendment to the Settlement Agreement is attached as **Exhibit B**.

3. Pursuant to the terms of the Release and Settlement Agreement, the Receiver releases his claims[2] against Defendant Rice and will request the closure of the receivership in exchange for:

   a. Defendant Rice paying the Receiver $22,500 to be used to pay receivership fees and expenses;

   b. The $20,000 now held in the registry of the Court, that was deposited by Rice's counsel Joe Izen, being released to the Receiver to be used to pay receivership fees and expenses;

   c. The Receiver being authorized to use the sum of approximately $10,847.44 now in the receivership account to pay receivership fees and expenses; and

   d. Defendant Rice paying to the Receiver the sum of $10,000 to be used for receivership fees and expenses in exchange for the Receiver's release of all items in the Receiver's possession, including items in storage at 13313 Suite C, Redfish Lane, Stafford, Texas 77477, and the 2001 Ford Excursion; or the Court authorizing the Receiver to sell all such items and use the proceeds to pay receivership fees and expenses.

4. By this Petition, the Receiver requests the Court, in addition, to approving the Release and Settlement Agreement, to also direct the Clerk of the Court to disburse the $20,000 now in the registry of the Court to the Receiver. These monies were deposited into the registry of the Court by Defendant's counsel Joe Izen at the direction of the Court after a hearing questioning Mr. Izen's due diligence in making sure the monies were not subject to the Court's freeze order or subject to recovery by the Receiver. Lady Carlyon Coates, who provided the

---

[2] The claims to be released are intended to be those belonging to the Receiver only and do not extend to the claims belonging to the Plaintiff, U.S. Commodity Futures Trading Commission or the Consent Judgment executed by Defendant Rice in favor of Plaintiff.

---

$20,000 to Mr. Izen, released any interest in the monies and makes no claim to the funds. Pursuant to the Release and Settlement Agreement, Defendant Rice also consents to the monies being released to the Receiver.

5. Based on the foregoing, the Receiver is to receive approximately $63,347.44 (the "Settlement Monies") to be used to pay the accrued receivership fees and expenses. Since the inception of the receivership more than 2½ years ago, there have been insufficient assets to pay the accrued receivership fees and expenses. To date the Receiver's accrued fees are $119,148.00, and the Court has not authorized any payment of fees to the Receiver. The Receiver's law firm Scheef & Stone, LLP has accrued and unpaid fees and expenses of $79,573.77. Accordingly, the total unpaid receivership fees and expenses are $198,721.77. The Settlement Monies of $63,347.44 will pay only 32 percent of the total unpaid receivership fees and expenses, and represent a significant loss to the Receiver and the Receiver's law firm. By this Petition, the Receiver requests, in addition to approval of the Release and Settlement Agreement, that the Court authorize the Settlement Monies received to be used to pay the Receiver and his law firm Scheef & Stone, L.L.P.

6. Upon receipt of the Settlement Monies, pursuant to the Release and Settlement Agreement, the Receiver will file a motion with this Court requesting the Court to close the receivership, and the Receiver will dismiss his ancillary lawsuit against persons the Receiver alleges received fraudulent transfers from Defendant Rice, *Crawford v. Van Cleave, et al.,* Cause No. 13-cv-01910, pending before this Court. Accordingly, the Receiver believes the Release and Settlement Agreement is in the best interest of the receivership.

## AUTHORITIES

A receiver's authority is determined solely by orders of the appointing court. *FSLIC v.*

*PSL Realty Co.*, 630 F.2d 515, 521 (7th Cir. 1980), *cert. denied,* 452 U.S. 961, 69 L.Ed.2d 971, 101 S.Ct. 319 (1981)("receiver is an officer of the court and subject to its orders in relation to the property for which he is responsible until discharged by the court"). District courts are given extremely broad discretion in promoting the "primary purpose" of equity receiverships, the orderly and efficient administration of the estate by the district court for the benefit of creditors." *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). *SRO,* ¶ 29. Pursuant to the SRO the Receiver is authorized to "collect all money owed to Defendants" and "initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court necessary to preserve or increase the assets of Defendants or to carry out his duties pursuant to this Order or the SRO." *Id. at* ¶ 29 A.30 h and i.

WHEREFORE, PREMISES CONSIDERED, the Receiver requests that the Court approve the Receiver's Release and Settlement Agreement with Defendant Mark Rice and authorize the Receiver to use all such proceeds received from the Release and Settlement Agreement to pay the receivership fees and expenses; direct the Clerk of the Court to distribute to the Receiver the $20,000 deposited into the registry of the Court in this case to pay for receivership fees and expenses; authorize the Receiver to distribute the balance of monies in the receivership account, consisting of $10,847.44 to the Receiver and his law firm to pay receivership fees and expenses; and authorize the Receiver sell the personal property in his possession and use the proceeds from such sales to pay the receivership fees and expenses, or deliver such personal property to Defendant Mark Rice in exchange for the sum of $10,000 to be used by the Receiver to pay receivership fees and expenses; and grant such other and further relief to which he may show himself entitled.

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

By:   */s/ Charlene C. Koonce*
      Charlene C. Koonce
      State Bar No. 11672850

500 N. Akard Street, Suite 2700
Dallas, Texas 75201
Telephone: 214.706.4200
Telecopier: 214.706.4242

**ATTORNEYS FOR RECEIVER
KELLY M. CRAWFORD**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that the Receiver conferred with counsel for the Commodity Futures Trading Commission regarding the settlement and relief presented in this Petition and the Commission does not oppose the relief sought herein. Counsel for the Receiver also conferred with Defendant's counsel by email, and counsel for Defendant likewise has no objection to the requested relief.

      */s/ Charlene C. Koonce*
      CHARLENE C. KOONCE

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on January 9, 2014, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record:

| | |
|---|---|
| Joe Alfred Izen, Jr.<br>5222 Spruce Street<br>Bellaire, Teas 77401<br>*Attorney for Defendant Mark E. Rice* | Kevin S. Webb<br>Commodity Futures Trading Commission<br>1155 21st St. NW<br>Washington, DC 20581 |

Geoffrey H Bracken
Gardere Wynne et al
1000 Louisiana, Suite 3400
Houston, TX 77002
*Attorney for Defendant Mark E. Rice*

    I further certify that on January 9, 2014, I served by First Class Mail, a true and correct copy of the foregoing document and the notice of electronic filing on the following persons entitled to notice, but who are non-CM/ECF participants:

Financial Robotics, Inc.
By and through Mark Rice
142 N. Keswick Ct.
Sugarland, TX 77478-3974

                                                                                                 */s/ Charlene C. Koonce*
                                                                                                 CHARLENE C. KOONCE